UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                                      Chapter 7
                                                            Case No. 08-12024
Alice D. Petrone                                            Honorable Arthur N. Votolato

      Debtor
_____/

## MOTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, f/k/a Washington Mutual Bank, FA from the FDIC as receiver (referred to here in after as JPMorgan Chase Bank, National Association), a secured lien holder in the above captioned Chapter 7 proceeding, moves this Court for an order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure, for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known and numbered as 24 Brettonwoods Drive, Cranston, Rhode Island.  In support of its motion, JPMorgan Chase Bank, National Association states the following:

1. On March 16, 2007, Alice D. Petrone, executed a note to Washington Mutual Bank, FA in the original principal amount of $223,000.00 (the "Note").  The Note was subsequently endorsed in blank and transferred to the Movant.

2. The Note is secured by a mortgage to Washington Mutual Bank, FA, dated March 16, 2007 and recorded with the Cranston Town Hall records of Land Evidence at Book 3623, on Page 224 (the "Mortgage"). The Mortgage was subsequently transferred to

JPMorgan Chase Bank, National Association. The Mortgage is a first mortgage on real property owned by the Debtor known and numbered as 24 Brettonwoods Drive, Cranston, Rhode Island (the "Property").

3. JPMorgan Chase Bank, National Association is the current holder of the Mortgage.

4. JPMorgan Chase Bank, National Association is the current holder of the Note.

5. On July 2, 2008, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

6. The Note and the Mortgage are in default for the January 1, 2010 payment and all subsequent payments, plus reasonable attorney's fees and costs and other charges incurred with a suspense balance of $ 93.52.

7. There is no other collateral securing the obligation.

8. According to Schedule C, the Debtor is claiming an exemption in the Property in the amount of $50,000.00 pursuant to Rhode Island General Laws § 9-26-4.1.

9. According to Schedule D, the fair market value of the Property is $330,000.00. JPMorgan Chase Bank, National Association estimates that the liquidation value of the Property is no greater than $310,200.00, which is the market value minus 6% for the cost of sale.

10. According to Schedule D, Wells Fargo Home Mortgage holds an additional lien on the Property in the amount of $ 58,000.00.

According to Schedule E, City Of Cranston holds an additional lien on the Property in the amount of $ 4,774.27.

11. To the knowledge and belief of JPMorgan Chase Bank, National Association, there is no declaration of homestead recorded against the Property.

12. As of April 6, 2011, the total outstanding balance owed on the Note is $255,777.21.

13. The estimated amount of encumbrances on the Property is $318,551.48.

14. JPMorgan Chase Bank, National Association is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtor has not made payments pursuant to the Note and Mortgage.

15. JPMorgan Chase Bank, National Association is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization.

WHEREFORE, JPMorgan Chase Bank, National Association moves that the court enter an order granting JPMorgan Chase Bank, National Association relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may exercise its rights pursuant to the Note and Mortgage in accordance with applicable state and federal law, and may commence a summary process action against occupants of the Property. JPMorgan Chase Bank, National Association moves that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

> JPMorgan Chase Bank, National Association
> By its attorneys,

Date:   May 23, 2011

> /s/ Teresa C. Scibelli
> Teresa C. Scibelli, Esq.
> Orlans Moran PLLC
> P.O. Box 962169
> Boston, MA 02196
> Phone: (617) 502-4100
> Fax: (617) 502-4101
> Email: bankruptcy@orlansmoran.com
> File Number: 362.4337

In Re Alice D. Petrone Chapter 7
Case No. 08-12024

**Within fourteen (14) days after service as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 528-4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**