UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

ALICE D. PETRONE

    Debtor

Chapter 7
Case No. 08-12024

**MEMORANDUM OF ORDER**
(Relating to Doc. # 224 and Doc # 229)

    This Memorandum of Order follows a bench ruling by the Court on January 30, 2013, denying the Debtor's 27th Motion to delay the entry of her discharge (Doc. # 224). It also addresses Debtor's Objection to Filing of Final Discharge and her 28th Motion to Hold Filing of Discharge on the Basis of Bank Fraud which the Debtor filed on January 31, 2013, the very next day following the Court's bench ruling. (Doc. # 229).

**Procedural Background**

    This case, filed by the Debtor pro se under Chapter 7 of the Bankruptcy Code[1] on July 2, 2008, has been pending for four years and seven months. The unusually long delay in the completion of the administration of this case and its closing is attributable to the repeated requests of the Debtor to delay the entry of her discharge. Federal Rule of Bankruptcy Procedure 4004(c)(1) provides that the court shall "forthwith grant the discharge" upon the "expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e)," unless the factors listed in Rule 4004(c)(1)(A)-(L) are present. Ordinarily, a Chapter 7 debtors' discharge, absent the filing of an objection to such discharge by parties other than the debtor, is routinely

---

[1] 11 U.S.C.§ 101 et seq.; hereinafter all statutory references shall be to the Bankruptcy Code unless otherwise indicated.

1

entered a little more than sixty days after the meeting of creditors, which is generally held within six weeks of the commencement of a case pursuant to Bankruptcy Code § 341. *See* Fed. R. Bankr. P. 2002(a); 4004(c).

The Debtor filed her first motion to delay the entry of her discharge on October 6, 2008 (Doc. #19), in which she requested sixty days to finalize reaffirmation agreements with three secured creditors: two creditors, Washington Mutual Bank, now JP Morgan Chase Bank ("Chase"), and Wells Fargo Bank – Home Equity Bank ("Wells Fargo"), holding loans secured by the Debtor's personal residence, and one creditor, Chrysler Financial, holding a loan secured by the Debtor's automobile.[2] On October 16, 2008, the Court granted the Debtor's first motion to delay the entry of discharge and, over the next four years, granted Debtor's subsequent 25 motions to delay the entry of discharge. By the end of 2009, however, the docket in this case reflects that reaffirmation agreements with Chase and Wells Fargo were resolved and completed. The reaffirmation agreement with Wells Fargo, filed on January 28, 2009, memorialized the parties' agreement to reaffirm a debt secured by a mortgage on Debtor's property located at 24 Brettonwoods Drive, Cranston, Rhode Island (Doc. #50). The second reaffirmation agreement, filed on July 6, 2009, memorialized Debtor's agreement with Washington Mutual to reaffirm a debt also secured by a mortgage on Debtor's property (Doc. #63). Thereafter, the Debtor repeatedly requested to delay her discharge, asserting that she needed more time to negotiate out-of-court loan modifications with the mortgagees. For reasons often not clear from the record,

---

[2] The docket in this case reflects that reaffirmation agreements with Chase and Wells Fargo were resolved and completed, in one way or another by the end of August, 2009.

all of these requests from the end of August, 2009 through August 20, 2012 were granted by the Court.[3]

On November 14, 2012, the Court held a hearing on the Debtor's 26th motion to delay the entry of her discharge (Doc. # 213), in which the Debtor sought additional time, yet again, to obtain a modification of her mortgage against her residence, this time referring only to the Chase mortgage. At the hearing the Court advised the Debtor that such repeated delays of the entry of her discharge after more than four years was not consistent with the framework of Chapter 7 and not contemplated by the drafters of the Code. The Debtor pleaded with the Court for just one more extension until December 30, 2012. Reluctantly, the Court granted her request, but made it clear to the Debtor that no further extensions would be granted. Following her over four-year pattern in this case, the Debtor filed her 27th motion to delay her discharge to January 31, 2012. Because the hearing on this motion was held on January 30, 2013, the Debtor effectively received her requested extension. Not surprisingly, at the hearing the Debtor requested, quite adamantly, that she be given more time while she continued what at this point appears to have become a vitriolic battle by the Debtor with Chase to obtain a modification of Chase's mortgage. The Debtor also wanted to continue receiving the benefits of the automatic stay under Bankruptcy Code § 362 to avoid any foreclosure action by Chase. As previously noted, the Court denied this oral request for further delay of the discharge.

---

[3] These requests were granted by my predecessor Judge Votolato prior to my taking the bench on September 10, 2012.

## Rationale for Court's Ruling

A debtor may seek the initial deferral of the entry of the discharge pursuant to Fed. R. Bankr. P. 4004(c)(1) for up to 30 days when "a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending." Fed. R. Bankr. P. 4004(c)(1)(J). If a debtor seeks a further deferral of the entry of the discharge and files a motion prior to the expiration of that 30-day period, "the court may defer entry of the order [of discharge] to a date certain." Fed. R. Bankr. P. 4004(c)(2). The primary purpose of this provision is to enable a debtor to enter into a reaffirmation agreement with a creditor should a debtor so desire. 9 COLLIER ON BANKRUPTCY ¶ 4004.04 (16th ed. 2012) ("The purpose of this provision is to permit the debtor additional time to decide whether to reaffirm all or part of a debt, perhaps in settlement of dischargeability litigation. A reaffirmation is valid only if executed prior to the entry of the discharge order. Hence, if a debtor has not decided whether to reaffirm, he or she must seek a delay of the discharge."). *See also* Bankruptcy Code § 524(c)(1); *In re Roderick*, 425 B.R. 556 (Bankr. E.D. Cal. 2010) ("By statute, no agreement for which the consideration is 'in part' based on a dischargeable debt is enforceable if the agreement is made *after* the granting of a discharge.")

The Court is also aware of at least one published decision in which a bankruptcy court deferred the entry of discharge while the debtor negotiated modification of a secured real estate loan. In *In re Roderick*, 425 B.R. 556, the court found that the debtors' attempt to modify a secured loan with their mortgagee fell under the category of a reaffirmation agreement under Rule 4004(c), and that in light of their good faith in pursuing a loan modification, the court granted the debtors' request to delay the entry of the discharge for six months. However, the court emphasized:

> The Rule 4004(c)(2) discharge deferral has limits. It cannot be used to run roughshod over security interests generally. Nor can it be used as a device for

4

> indefinite delay of the inevitable. Neither circumstance would comport with the requirement that Rule 4004(c)(2) be invoked in good faith.
>
> Moreover, discharge deferral as a strategy for dealing with creditors is vulnerable to the criticism that chapter 7 liquidation is not designed as a long-term procedure for adjusting creditors' rights. That task ordinarily is left to plans under chapters 11 and 13.

*Id.* at 571.

It is clear to the Court that the Debtor wants her discharge delayed indefinitely until she obtains a modification of her mortgage with Chase (and perhaps also with Wells Fargo) on terms acceptable to her. It is also abundantly clear that the Debtor seeks to use the sword of the automatic stay against her mortgage lenders to extract such modifications. The undue delay of the entry of her discharge for such purpose is not in good faith and is repugnant to the statutory framework of Chapter 7. See *In re Bailey*, 2010 WL 4702354, at *2 (Bankr. N.D. Ga, Sept. 17, 2010) ("11 U.S.C. § 362(c)(1) and (2) Rule 4004(c)(2) cannot be used to extend the automatic stay as to U.S. Bank or to continue litigation that will result in no benefit to the estate.") (citing *VonGrabe v. Mecs (In re VonGrabe)*, 332 B.R. 40, 44-45 (Bankr. M.D. Fla. 2005); *In re Moore*, No. 09-00274, 2009 WL 1490863, at *1 (Bankr. N.D. Iowa May 27, 2009)). Moreover, any further delay of her discharge is unreasonable and contravenes the protections afforded to secured creditors Chase and Wells Fargo whose mortgages against the Debtor's personal residence are unaffected by the bankruptcy filing, except for the temporal bar to a foreclosure action under Bankruptcy Code § 362 until after the Debtor's discharge enters. *See* Bankruptcy Code § 524(a).

In her 27th motion to delay the entry of the discharge, and at the hearing, the Debtor protests that she has been grossly wronged by Chase and has claims against Chase in connection with efforts to obtain a loan modification. The Debtor asserts that Chase agreed to review her loan for a permanent modification and is reneging on its promise. She also asserts a number of other

complaints against Chase, including allegations in her 28th extension motion that Chase has committed "fraud" against her. There is nothing pending before the Court with regard to the Debtor's assertions against Chase, other than what she has set forth in her various extension motions as the grounds for delaying her discharge. As the Court attempted to explain to the Debtor, the entry of the discharge has no impact on, nor will it result in, any loss of or prejudice to any claims the Debtor believes she may have against Chase. These claims, whatever they may be, are unaffected by her discharge and may be asserted by the Debtor affirmatively against Chase (or other parties) or defensively in any action that may be brought by Chase to foreclose or enforce its lien against the residence. Delay of the entry of the discharge is procedurally and substantively not the proper avenue to seek redress of such alleged claims or "wrongs" the Debtor perceives to have been inflicted against her by Chase. The speculative potential of a loan modification is not grounds for delaying the Debtor's discharge, especially after the already excessive period that the discharge has been deferred in this case.

### Debtor's Twenty-Eighth Extension Motion

In her latest motion, in addition to citing her alleged claims against Chase as the basis for delaying her discharge (which the Court has already addressed), the Debtor argues that her discharge should be delayed to "afford[] me the opportunity to enroll my property in the Court supervised LOSS MITIGATION PROGRAM to protect my interest in my property."[4] (Doc. #229). The Debtor misunderstands the impact of the entry of her discharge on her ability to participate in the Court's Loss Mitigation Program. *See* R.I. LBR, Appendix IX. Quite simply, the

---

[4] The record reflects that during the more than four years the case has been pending, no request for loss mitigation has been filed by the Debtor.

Debtor's discharge in no way impairs her ability to participate in the Court's Loss Mitigation Program. Part III of the Loss Mitigation Program and Procedures expressly provides:

> The fact that a discharge has entered or that relief form the stay has been granted does not prevent a Debtor from requesting Loss Mitigation or prevent the Court from entering a Loss Mitigation Order.

R.I. LBR, Appendix IX, III.A at p. 221.

In short, the Debtor's expression of a desire to "enroll" in the Loss Mitigation Program is not grounds for delaying the entry of her discharge after having now been deferred for some four years and seven months.

### The Court's Ruling

The Debtor's Motion to Delay the Entry of Discharge filed on December 28, 2012 (Doc. #224) is denied, and her Objection to Filing of Final Discharge and Motion to Hold Filing of Discharge filed on January 31, 2013 (Doc. #229) is denied. The discharge of the Debtor shall enter forthwith.

Dated: February 4, 2013

By the Court,

*Diane Finkle*
Diane Finkle
U.S. Bankruptcy Judge